FRANK MICHAUD, pro ami,

*vs.*

CANADIAN PACIFIC RAILWAY COMPANY.

Aroostook.     Opinion January 23, 1896.

*Negligence.     New Trial.*

Boys playing about moving cars must take the risk of life and limb, if they will persist in such dangerous sport.

In this case the jury returned a verdict for the defendant. The plaintiff neither took exceptions nor filed a general motion to set aside the verdict as being against evidence, etc., but moved for a new trial on the ground of newly-discovered evidence. *The court consider* that no legal cause is shown for ordering a new trial; and, *also*, if ordered, it is extremely doubtful if any other result could ever be reached.

ON MOTION FOR A NEW TRIAL.

The case is stated in the opinion.

*F. M. York and J. P. Donworth*, for plaintiff.

Where it is shown by a party to a suit that he was deprived of the benefit of a witness who was excusably absent from the trial, and whose testimony was material, a new trial may· be granted. 16 Am. & Eng. Encyl. Law, p. 540, and cases. In *Stackpole* v. *Perkins*, 85 Maine, 298, a new trial was granted on evidence that was cumulative but tended to prove independent facts.

*L. C. Stearns, F. A. and Don A. H. Powers*, for defendant.

The plaintiff was a trespasser upon the defendant's train, and the conductor had a right to order him off the train, under the

circumstances shown by the evidence. The defendant company could not be liable for the act of its conductor in ordering a trespasser from its train unless his act was wanton and wrongful.

The plaintiff has not brought himself within the rules of law which the court declare entitle the losing party to a new trial. The court will not grant a new trial where the newly-discovered evidence is merely cumulative. *Warren* v. *Hope*, 6 Maine, 479; *Ham* v. *Ham*, 39 Maine, 263; *McLaughlin* v. *Doane*, 56 Maine, 289; *Atkinson* v. *Conner*, 56 Maine, 546.

The verdict will not be set aside on the ground of newly-discovered evidence upon the motion of a party who might have had the evidence at the trial by the exercise of proper diligence. *Falmouth* v. *Windham*, 63 Maine, 44; *Marden* v. *Jordan*, 65 Maine, 9; *Blake* v. *Madigan*, 65 Maine, 523; *Maynell* v. *Sullivan*, 67 Maine, 314; *Hunter* v. *Heath*, 67 Maine, 507; *Hunter* v. *Randall*, 69 Maine, 183.

The court will not grant a new trial because of newly-discovered evidence where an examination of the evidence does not lead to the conclusion that had it been before the jury it would have changed the result. *Handly* v. *Call*, 30 Maine, 9; *Snowman* v. *Wardwell*, 32 Maine, 275.

It is the province of the court to determine whether the new evidence offered is reliable in its character, whether it appears to be credible. If it does not appear to be reliable the court will not grant a new trial. *Marden* v. *Jordan*, 65 Maine, 9.

Evidence discovered, as this was, immediately after the verdict ought to be looked upon with suspicion. *Woodis* v. *Jordan*, 62 Maine, 490.

When the party asks for a new trial on the ground of newly-discovered evidence the burden is upon him to satisfy the court that the evidence is credible, that its non-production at the former trial was not owing to the want of his diligence, that the evidence in fact is newly-discovered. *Woodis* v. *Jordan*, supra, 62 Maine, 490; *Greenleaf* v. *Grounder*, 84 Maine, 50.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J.  Two lads, brothers, fifteen and seventeen years old, respectively, were at the Caribou station of defendant road when the special freight of defendant arrived.  They say that, as they were entering the van to see if their mother and sister had come, the conductor came along, the train then having started, and told them to get off or he would kick them off, and the younger, having a cigar box under one arm, in attempting to get off, fell under the car wheels and had both legs crushed.  For that injury, $10,000 damages are demanded.

One witness, a dispatch messenger, called by the plaintiff, says that he was standing by and first saw the boys on the platform of the car, when in motion, and heard the conductor tell them to get off, and in doing so the younger boy fell under the car wheels.

In defense, the conductor testifies that the train stopped at the station four or five minutes, and that while he was in the saloon car to get his bills the train started, and as he went out the front car door he saw the boy fall on the track ; that he neither spoke to him nor motioned or ordered him off ; that he signalled the train to stop, and that it did stop in half a car's length.

Two other witnesses, engaged in the potato business, who were at the station, say that as the train started both boys ran to get on.  The older got on and the younger, having a cigar box under his arm, grabbed the car rail with the other hand, lost his balance and fell under the car.

Another witness says that, as he came from his potato house across the track from the station, he saw the boy fall from the car then in motion ; that just as he fell the conductor opened the car door and came out on the car platform.  The engineer says the car did not go over twenty feet after he got the signal to stop.

Upon this evidence the jury returned a verdict for the defendant.  There are no exceptions, or motion to set the verdict aside as against evidence ; but a new trial is asked for evidence newly-discovered since the trial.  The motion was filed within a week after the verdict.  It sets out that John Monroe of

New Brunswick, if present, would testify, among other things not material, that he saw the conductor come out and heard him tell the boys to get off or he would kick them off. Monroe testifies that the conductor came out of the door and said something. He can't just say the words he said, something about the boys getting off, and made a motion with his hand. He thinks there were two or three boys, two sure. On cross-examination he said that, after the accident, he called down to see the boy, saw him and the father and mother and explained just how it happened. This evidence is not newly-discovered since the trial.

The motion avers that one Ezekiel Scott, of Connor Plantation, would testify that just as the boys got upon the car platform the train started to back up quickly and as the plaintiff boy was trying to open the car door the conductor came out and extended his hands towards the boys, saying something to them at the same time that he did not fully hear; that the boys started to get off and the smaller fell under the wheels; that he helped take him from under the car.

The witness substantially so testifies, and that about two months after the accident he went to the father's house to see the boy, saw him and the mother; told them that he helped lift him up, and he remembered it too; that he was there when the accident happened to him, and talked with his mother about it.

The witness lived ten miles away. No diligence whatever is shown in not calling the witness at the trial, the man who was known to have helped the boy from under the car.

Another motion was filed at a subsequent term, stating that William E. Wright of Perham, would testify that, as the boys were standing upon the car platform while the train was backing up, the conductor opened the door, stepped out upon the platform and extended his hands towards the boys and said: "Get off;" that the larger boy jumped off and the smaller started to get off and fell between the two cars and the wheels of the box car ran over his legs.

The witness substantially so testifies, but is so confused about the whole matter, that his testimony if newly-discovered and otherwise competent evidence could not change the result.

Some other matters are contained in the motions; but not of sufficient importance to require notice from the court. Some testimony is reported not responsive to the motion, and that need not be considered. On the whole, it must be said that no legal cause is shown for the ordering of a new trial, and, if ordered, it is extremely doubtful if any other result could ever be reached. Boys playing about moving cars must take the risk of life and limb if they will persist in such dangerous sport; and this case ought to be a salutary lesson to them and to their parents of the consequences of playing with danger.

*Motions overruled.*